IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CAROL CHESEMORE, DANIEL DONKLE
THOMAS GIECK, MARTIN ROBBINS, and
NANNETTE STOFLET, on behalf of themselves,
individually, and on behalf of the CERTIFIED
SUBCLASS in the Matter Known as *Chesemore
v. Alliance Holdings, Inc.*, United States District
Court for the Western District of Wisconsin,
Case No. 09-cv-413,

                                Plaintiff,                          OPINION AND ORDER

    v.

                                                                              18-cv-724-wmc

DAVID B. FENKELL,

                                Defendant.

---

      On behalf of themselves and a certified subclass from a 2009 ERISA class action case in this court, plaintiffs assert claims under the Pennsylvania Uniform Fraudulent Transfer Act ("PUFTA"), 12 Pa. Con. Stat. § 5101, *et seq.*, against one of the defendants in the 2009 class action, David B. Fenkell. Plaintiffs were awarded more than $1.8 million in fees against Fenkell in this court, and on appeal, the Seventh Circuit awarded an additional $223,263.80. In their complaint, plaintiffs allege that they have been unable to collect these amounts (or at least some portion of them) because of fraudulent transfers to Fenkell's wife, Karen Fenkell. Before the court is defendant's motion to dismiss plaintiffs' complaint pursuant to Federal Rules of Civil Procedure 12(b)(7) and 19 for failing to join Karen Fenkell. For the reasons that follow, the court concludes that as a spouse, Karen Fenkell is not a necessary party and, therefore, the court will deny

defendant's motion.[1]

OPINION

Under Federal Rule of Civil Procedure 12(b)(7), a party may move to dismiss a complaint for "failure to join a party under Rule 19." In turn, Rule 19(a)(1) defines a "necessary party" as:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

This provision implicates three core interests, although only two are at play in

---

[1] Recently, plaintiffs filed a motion for summary judgment on their PUFTA claims. Plaintiffs purport to recognize the standard governing this motion -- namely, as the moving party with the burden of proof on these claims, plaintiffs must demonstrate that the record is "so one-sided as to rule out the prospect of a finding in favor of the non-movant on the claim," *Hotel 71 Mezz Lender LLC v. Nat'l Ret. Fund*, 778 F.3d 593, 601 (7th Cir. 2015). Nonetheless, plaintiffs ask the court to consider evidence in support of eleven factors (or "badges of fraud") identified under Pennsylvania law and weigh that evidence in finding "actual intent to hinder, delay or defraud" plaintiffs by defendant David Fenkell. (Pls.' Opening Br. (dkt. #26) 22-23.) Unfortunately for plaintiffs, these considerations are classic fact questions for a jury, both as to whether the factors weigh in favor of plaintiffs, as well as how much weight to place on the various factors, not to mention the ultimate question of whether these factors demonstrate intent. As such, the court will deny this motion, and will direct the clerk's office to set a conference with Judge Crocker to reset a trial date in this case.

defendant's motion.[2]  *First*, subpart (a)(1)(A) is concerned with the "efficient and consistent resolution of multi-party disputes and focuses on the harm inflicted on the judicial system by duplicative litigation."  4 James Wm. Moore, *Moore's Fed. Practice* § 19.03[1] (Matthew Bender 3d Ed.).  Under this provision, the court considers whether the absentee is required to provide "complete relief" among the joined parties.  *See Angst v. Royal Maccabees Life Ins. Co.*, 77 F.3d 701, 705 (3d Cir. 1996) ("Completeness is determined on the basis of those persons who are already parties, and are not between a party and the absent person whose joinder is sought.").  *Second*, subpart (a)(1)(B)(i) is concerned with "the prejudice that might befall the absentee's interest if the litigation proceeded without the absentee." *Moore's Fed. Practice* § 19.03[1].  The absentee must have an interest in the litigation, rather than simply an "interest in related subject matter."  *Id.* § 19.03[3][b].

As support of his motion to dismiss, defendant cites to cases concerning fraudulent transfer claims under Pennsylvania law, where courts have held that "[b]oth the debtor/transferor and the transferee are necessary parties to the fraudulent transfer action." (Def.'s Opening Br. (dkt. #9) 6 (quoting *Universal Comput. Consulting, Inc. v. Pitcairn Enterps., Inc.*, No Civ. A. 03-2398, 2005 WL 2077269, at *15 (E.D. Pa. Aug. 26, 2005)). Critically, however, *none* of the cases cited by defendant in support of his motion involve cases where the debtor/transferor is the *spouse* of the transferee.  *See Universal Comput. Consulting*, 2005 WL 2077269, at *6, 15 (rejecting PUFTA claim based on

---

[2] The third interest under subpart (a)(1)(B)(ii), which is not at issue, concerns "the potential harm of multiple or inconsistent obligations that could be inflicted on a present party."  *Moore's Fed. Practice* § 19.03[1].  Defendant is not arguing that joinder is required to avoid prejudice to him.

3

debtor/transferor's using assets to repay loans to two, non-parties, one an unrelated individual and the other a corporation); *Soffee v. Hall*, 377 Pa. 306, 105 A.2d 144, 146 (Pa. 1954) (concerning fraudulent conveyance claim where transferee was fraternal organization providing nursing home care to deceased transferor); *Vital Pharm., Inc. v. USA Sports, LLC*, No. 3:11-CV-975, 2012 WL 760561, at *9 (M.D. Pa. Mar. 8, 2012) (dismissing action to set aside fraudulent transfer where plaintiff failed to name the debtor/transferor corporation as a defendant despite being legally distinct from the corporate defendant); *Sugartown Worldwide LLC v. Shanks*, No. CIV.A. 14-5063, 2015 WL 1312572, at *12-13 (E.D. Pa. Mar. 24, 2015) (requiring joinder of non-party transferees who were legally separate corporate entities of debtor for purposes of receiver, accounting and constructive trust claims).

Returning to the interests underlying Rule 19, the distinction between the case at issue here involving a spousal transferee is material. *First*, with respect to the "complete relief" provision, defendant argues that plaintiffs will not be able to obtain complete relief against him because the court may not award injunctive relief against a non-party debtor/transferor. (Def.'s Opening Br. (dkt. #9) 6 (citing *Vital Pharms.*, 2012 WL 760561, at *9).) Under Federal Rule of Civil Procedure 65(d)(2)(C), however, the court's entry of an injunction *can* bind "other persons who are in active concert or participation with" the parties. Indeed, as plaintiffs point out in their opposition brief, in a case involving similar fraudulent transfer allegations as those at issue here, the District Court for the Eastern District of Pennsylvania concluded under that state's law that an injunction issued against a husband *was* binding on the non-party debtor's wife under Rule 65(d)(2)(C). *Berger v.*

4

*Weinstein*, No. CV 08-4059, 2016 WL 1359459, at *7 (E.D. Pa. Apr. 6, 2016), *aff'd sub nom., Berger v. Zeghibe*, 666 F. App'x 119 (3d Cir. 2016). Like Karen Fenkell, the defendant's spouse in *Berger* was a "a party to the underlying litigation," but regardless, the District Court found that "Federal Rule of Civil Procedure 65 provides that an injunction can bind not only parties, but 'other persons who are in active concert or participation with parties, and the officers, agents, servants, employees, and attorneys of parties.'" *Id.* at *7; *see also FDIC v. Faukner*, 991 F.2d 262, 267-68 (5th Cir. 1993) (relying on Rule 65(d) to hold that district court's extension of injunction to defendant's wife who "actively participated" with her husband in fraudulent transfer of assets).

*Second*, the relationship between the transferor and transferee here also guards against concerns about prejudice to the absentee, since it is in defendant David Fenkell's best interest to defend against the fraudulent transfer claims to ensure that the challenged funds stay within the control of his wife or, at the very least, defendant has failed to explain how his wife's interests cannot be adequately defended by his own defense of this lawsuit. Indeed, "[t]ypically, a party elects to intervene in cases where its interest may be inadequately represented by the current parties." *See Sullivan v. Flora, Inc.*, No. 15-CV-298-WMC, 2016 WL 4275864, at *2 (W.D. Wis. Aug. 12, 2016) (citing Fed. R. Civ. P. 24). Moreover, the Seventh Circuit *prefers* for "the absent party [to] claim [the] interest" in compulsory joinder cases. *Davis Cos. v. Emerald Casino, Inc.*, 268 F.3d 477, 483 (7th Cir. 2001). The fact that Karen Fenkell has chosen to abstain from the litigation supports what seems obvious anyway: she has no interest in the litigation separate from that of her husband's. *See Sullivan*, 2016 WL 4275864, at *2 (factoring in failure to seek intervention

5

in determining whether interest is prejudiced); *see also Ladenberger v. Nat'l Tech. Transfer, Inc.*, No. 99 C 5348, 2000 WL 1349247, at *2 (N.D. Ill. Sept. 19, 2000) (same).

Because plaintiffs may obtain complete relief against defendant David Fenkell and Karen Fenkell's rights are adequately represented by her husband and otherwise not impaired or impeded, the court concludes that Karen Fenkell is not a necessary party under Rule 19(a).[3] As such, the court will deny defendant's motion to dismiss.

ORDER

IT IS ORDERED that:

1) Defendant David B. Fenkell's motion to dismiss (dkt. #8) is DENIED.

2) Plaintiffs' motion for summary judgment (dkt. #25) is DENIED.

3) The clerk's office is directed to set a scheduling conference with Magistrate Judge Crocker to reestablish a firm trial date and related deadlines.

Entered this 27th day of April, 2020.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge

---

[3] The bulk of the parties' briefing concerns whether joinder is *feasible*, the second step of the Rule 19 test. Because the court concludes that Karen Fenkell is not a necessary party, however, the court need not reach these arguments.