IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CAROL CHESEMORE, DANIEL DONKLE
THOMAS GIECK, MARTIN ROBBINS, and
NANNETTE STOFLET, on behalf of themselves,
individually, and on behalf of the CERTIFIED
SUBCLASS in the Matter Known as *Chesemore
v. Alliance Holdings, Inc.*, United States District
Court for the Western District of Wisconsin,
Case No. 09-cv-413,

                         Plaintiff,                           OPINION AND ORDER

  v.                                                                  18-cv-724-wmc

DAVID B. FENKELL,

                         Defendant.

---

On behalf of themselves and a certified subclass from a 2009 ERISA class action case in this court, plaintiffs assert claims under the Pennsylvania Uniform Fraudulent Transfer Act ("PUFTA"), 12 Pa. Con. Stat. § 5101, *et seq.*, against one of the defendants in the 2009 class action, David B. Fenkell. Plaintiffs were awarded over $1.8 million in fees against Fenkell in this court; on appeal, the Seventh Circuit awarded an additional $223,263.80. In their complaint, plaintiffs allege that they have been unable to collect these amounts (or some portion of them) because of fraudulent transfers to Fenkell's wife, Karen Fenkell. Before the court are two motions by defendant: (1) a "motion for clarification of the court's April 27, 2020 order denying defendant's motion to dismiss and, in the alternative, certification of the order for interlocutory appeal" (dkt. #35); and (2) a motion for judgment on the pleadings, in which defendant mainly argues that plaintiffs' claims are extinguished by the statute of repose (dkt. #41). For the reasons that follow,

the court will deny both motions.

OPINION

**I. Motion for Clarification**

In this rambling motion, defendant "requests clarification of the Court's analysis contained in the Order and what import the Court's analysis may have on non-party Karen Fenkell." (Def.'s Mot. (dkt. #35) 2.) From what the court can discern, defendant requests clarification on whether the court's analysis rests on a finding that Karen Fenkell is "somehow the chattel of her husband." (*Id.* at 2.) The court responds to that frivolous question with a simple "no." The court's finding that Karen Fenkell is not a necessary party under Federal Rule of Civil Procedure 19(a)(1) in no way renders her chattel of her husband. Instead, as the court explained previously, Karen Fenkell's interests in this litigation -- to not relinquish assets to plaintiffs to cover the remaining roughly $2 million owed on attorneys' fees -- is the same as that of her husband's. (4/27/20 Op. & Order (dkt. #34) 5-6.) Moreover, there was nothing precluding Karen Fenkell from seeking to intervene in this case, and the court appropriately relied on her lack of intervention as further support that her interests were adequately represented by her husband. Indeed, it has been clear for some time that the Fenkells' conscious strategy to transfer and distance assets to Karen has just been the latest, calculated ploy in a much longer-term, sophisticated strategy to try to avoid the financial consequences of David's wrongdoing. There is nothing sexist about this determination, and defendant's last ditch attempt to hide behind that charge is ridiculous.

Defendant also feigns confusion about Karen Fenkell's continuing role in this litigation. Here, too, the court's prior opinion is clear: Karen Fenkell is not a party, but Federal Rule of Civil Procedure 65(d)(2)(C) provides that a "court's entry of an injunction can bind 'other persons who are in active concert or participation with' the parties." (4/27/20 Op. & Order (dkt. #34) 4 (quoting Fed. R. Civ. P. 65(d)(2)(C)).)  For further clarification, defendant may review the cases the court cited in its opinion. *See Berger v. Weinstein*, No. CV 08-4059, 2016 WL 1359459, at *7 (E.D. Pa. Apr. 6, 2016), *aff'd subnom.*, *Berger v. Zeghibe*, 666 F. App'x 119 (3d Cir. 2016); *FDIC v. Faukner*, 991 F.2d 262, 267-68 (5th Cir. 1993).

Finally, because the motion for clarification has no merit, and defendant has otherwise failed to identify any basis for further review at this time, the court will also deny his request in the alternative to certify this issue for interlocutory appeal.

**II. Motion for Judgment on the Pleadings**

Defendant's motion for judgment on the pleadings fairs no better. Defendant's motion primarily concerns whether plaintiffs' complaint is timely. Defendant argues that plaintiffs' PUFTA claims are extinguished by the statute of repose.[1] Plaintiffs agree that a claim for relief under the asserted provisions of PUFTA will be extinguished unless the

---

[1] Defendant also makes various arguments about plaintiffs' failure to prove elements of their claim, but that is not the requirement at the pleadings stage.  The court similarly rejects defendant's argument that the complaint fails to identify transfers.  The court can take judicial notice of the court's findings of defendant Fenkell's transfers of his assets to his wife shortly after the 2007 transaction that was the subject of *Chesemore I*.  *See Chesemore v. All. Holdings, Inc.*, No. 09-cv-413-wmc, 2015 WL 438140, at *2 (W.D. Wis. Feb. 3 2015); *Chesemore v. All. Holdings, Inc.*, No. 09-cv-413-wmc, 2015 WL 7301243, at *4 (W.D. Wis. Nov. 18, 2015).

action is brought "not later than four years after the transfer was made or the obligation was incurred." 12 Pa. Stat. and Cons. Stat. Ann. § 5109.[2]

In its brief, defendant focuses on the date of the transfers, arguing that they all occurred before January 4, 2012, and, therefore, plaintiffs' claims were extinguished in January 2016. (Def.'s Br. (dkt. #42) 6, 11.) In so arguing, defendant glosses over the language above that a person may bring a claim under PUFTA within four years from the date "*the obligation was incurred*." 12 Pa. Stat. and Cons. Stat. Ann. § 5109 (emphasis added). As plaintiffs point out, the date of the judgment entered by this court in *Chesemore I*, awarded plaintiffs $1,854,008.50 in attorneys' fees against defendant Fenkell on September 8, 2014. (Pls.' Opp'n (dkt. #44) 19.)[3] As such, the filing of this lawsuit on August 30, 2018, was within four years of the date of the judgment in *Chesemore I*.

Still, relying on language defining "claim" in PUFTA, defendant persists in another meandering argument that defendant's obligation to pay plaintiffs' attorney fees somehow arose before the judgment entered in this case. Specifically, § 5101 provides that a "claim" is a "a right to payment, *whether or not the right is reduced to judgment*, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured." 12 Pa. Stat. and Cons. Stat. An.. § 5101. From this language, defendant argues that "the date of the creditor's judgment is irrelevant as to the statute of repose in

---

[2] A claim under § 5104(a)(1) also permits a claim to be brought "not later than one year after the transfer or obligation was or could reasonably have been discovered by the claimant" if this date were later, but the court need not consider this exclusion because plaintiffs' claims fall within four years of the date of the judgment, awarding attorneys' fees in the underlying action.

[3] As noted previously, the Seventh Circuit awarded an additional $223,263.80 in fees on January 20, 2017.

4

12 Pa. Stat. 5109." (Def.'s Br. (dkt. #42) 17 (emphasis added).)

The fact that a claim under PUFTA *can* include a right to payment that has not been reduced to a judgment, or before it is reduced to a judgment, does *not* mean that a judgment date *never* triggers or defines a claim.[4] Here, with respect to the attorneys' fee award that is at issue, plaintiffs did *not* have a claim until the court determined that plaintiffs were entitled to a fee award under ERISA, and further determined the amount of the award. It is that obligation, which, in turn, triggers the start of the clock for purposes of determining the statute of repose. Because this lawsuit was filed within four years of the date that defendant's obligation was incurred, the claims are timely.

## ORDER

IT IS ORDERED that:

1) Defendant David B. Fenkell's motion for clarification (dkt. #35) is DENIED.

2) Defendant's motion for judgment on the pleadings (dkt. #41) is DENIED.

Entered this 22nd day of September, 2020.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

---

[4] The cases defendant cites to in support simply illustrate instances where the obligation arose prior to entry of judgment, *see K-B Bldg. Co. v. Sheesley Const., Inc.*, 2003 PA Super 372, ¶ 17, 833 A.2d 1132, 1137 (2003) (rejecting argument that obligation cannot arise in a fraudulent transfer case until a judgment is issued), or instances where there is no discussion of a later judgment (or other obligation) and the court simply relied on the date of transfers, *see Impala Platinum Holdings Ltd. v. A-1 Specialized Servs. & Supplies, Inc.*, No. CV 16-1343, 2016 WL 8256412, at *12 (E.D. Pa. Sept. 16, 2016).