IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

CAROL CHESEMORE, DANIEL DONKLE
THOMAS GIECK, MARTIN ROBBINS, and
NANNETTE STOFLET, on behalf of themselves,
individually, and on behalf of the CERTIFIED
SUBCLASS in the Matter Known as *Chesemore
v. Alliance Holdings, Inc.*, United States District
Court for the Western District of Wisconsin,
Case No. 09-cv-413,

        Plaintiff,          ORDER

 v.

                          18-cv-724-wmc

DAVID B. FENKELL,

         Defendant.

  In their proposed amended complaint ("PAC"), plaintiffs now expressly seek to undo the following allegedly fraudulent transfers in violation of the Pennsylvania Uniform Fraudulent Transfers Act, ("PUFTA") 12 Pa. C.S.A. § 5101 *et seq.*: (1) six tax refund checks issued by the IRS to David and Karen Fenkell between 2018 and 2019; (2) a $1,920,000 settlement payment made to David and Karen Fenkell in 2016; and (3) six deposits into a joint account made in 2018 and 2019. (PAC (dkt. #84-1) ¶¶ 56-58.) Although coming on the eve of trial, this amendment will be allowed for the reasons set forth during yesterday's hearing with counsel and in this opinion.

OPINION

  As noted at oral argument yesterday, this court will generally grant motions to amend freely as justice requires, but may deny leave to amend under Federal Rule of Civil Procedure 15(a) except for undue delay, bad faith, undue prejudice to the opposing party, or futility. *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 792 (7th Cir. 2004). Here, defendant asserts all four grounds as bases for denying leave, although the first three warrant less discussion.

I. **Undue Delay, Bad Faith, and Prejudice**

Crucially, to begin, plaintiffs' proposed amended complaint is *not* adding any new claims or new defendants; instead, it simply clarifies that it seeks to pursue three, specific categories of fraudulent transfers after August 31, 2014, which the court only recently held is the relevant look back for purposes of PUFTA's statute of repose. One of the transfers -- the settlement payment -- occurred *during* the four-year look back period from the date of the filing of the original complaint, while the other transfers appear to post-date its filing. Certainly, as defendant points out, it is required that a plaintiff specify the actual transfers still at issue before trial in light of the court's ruling, but the original complaint never expressly *limited* itself to transfers outside of the look back period. Moreover, none of these claimed transfers can come as any surprise to defendant having been the subject of discovery during the course of this lawsuit *without objection*. At most, then plaintiffs' proposed amended complaint simply clarifies that its PUFTA claim convers the transfers calling into question whether it is necessary at all, except for defendant's position that they may not be undone unless specifically pleaded.

With that in mind, the court first considers defendant's assertion of undue delay. Plaintiffs filed their motion for leave to amend the complaint just three days after the court granted *defendant's* motion for reconsideration, dismissing plaintiffs' PUTFA claims based on any transfers made before August 31, 2014. While perhaps plaintiffs could have sought leave to amend their complaint after learning of the 2019 tax refund case, and the other, more recent transfer, such an amendment would not have been necessary given substantially lower hanging fruit that was available to plaintiffs to claim until this court's recent ruling. Moreover, as discussed above, the proposed complaint simply clarifies plaintiffs' intent to pursue transfers identified after the filing of this complaint. Finally, defendant could have sought reconsideration sooner of this court's ruling on the statute of repose argument, thereby also contributing to the

2

delay in plaintiffs' seeking leave to amend. For all these reasons, the court will not fault plaintiffs for any failure to plead these specific transfers sooner.

Second, as for bad faith, the court rejects defendant's hyperbolic arguments. There is *nothing* to suggest bad faith. Rather, plaintiffs relied on an erroneous reading of "obligations incurred" under PUFTA's statute of repose, as did this court. While plaintiffs' original pleading accordingly focused on transfers from 2007 to 2012, it did not preclude them from taking discovery about and pursuing more recent transfers that are timely under the statute of repose. If anything, defendant's decision to acquiesce in this discovery and to hold off on any request for reconsideration of the court's reading until just before trial suggests even defendant believed plaintiffs were acting in good faith. Nor does this court find any bad faith in plaintiffs' now focusing their claims on timely transfers within the look back period consistent with this court's recent decision.

Third, as for undue prejudice, considering defendant's participation in discovery regarding these transfers up to the present, and obvious superior knowledge as to each, the court is hard-pressed to understand how defendant would be prejudiced by this amendment. Indeed, Defendant produced discovery of transfers post-dating the filing of plaintiffs' original complaint -- namely the 2019 tax refund transfer that is central to plaintiffs' proposed amendment. Regardless, the court offered defendant the opportunity to push back the start of trial in order to ameliorate any prejudice or surprise, which defendant's counsel not only declined, but was unable to articulate *any* reason why more time might be required.

## II. Futility

Fourth, and finally, defendant argues that the court should deny plaintiffs' amended complaint because it is futile. However, defendant has not demonstrated that plaintiffs' claims

are futile as a matter of law; instead, many of his arguments turn on factual disputes that are properly addressed at trial.

### A. Statute of Repose for Settlement Payment

A claim for relief under § 5104(a)(1) of PUFTA "is extinguished unless action is brought . . . not later than four years after the transfer was made or the obligation was incurred or, if later, not later than one year after the transfer or obligation was or could reasonably have been discovered by the claimant." 12 Pa. Stat. and Cons. Stat. Ann. § 5109. As previously discussed by this court, § 5109 is a statute of repose, as opposed to a statute of limitations. (*See* 10/19/20 Op. & Order (dkt. #80) 2-4.)

Here, defendant argues that because the settlement proceeds were received in June of 2016, the four-year statute of repose elapsed in June of 2020 -- four months before plaintiffs filed this PAC in October of 2020. (Def.'s Opp'n (dkt. #89) 29-30.)[1] However, as Section 5109 includes a one-year discovery rule, and plaintiffs allege that they did not discover the settlement payment until November of 2019, plaintiffs' October 2020 PAC is within one year of their alleged discovery. In fairness, defendant maintains that plaintiffs' counsel had been made aware of the suit (and perhaps impending settlement) as far back as March of 2016, arguably putting the proposed amended claim outside of the one-year discovery rule, but that presents a factual dispute to be addressed at trial. Accordingly, the court will not at this time preclude as untimely plaintiffs' claims as to the settlement payment.

---

[1] While defendant also contends that "[r]elation back is not available under Rule 15(c) when considering a statute of repose" (*id.* at 29), the court need not reach this relation-back issue at this point given the arguable application of the discovery rule as discussed above.

4

**B. Tenancy by the Entireties Issue**

To understand defendant's argument here, the court begins with some general propositions regarding Pennsylvania law. To begin, where property or an account is placed in the names of a husband and wife, it is presumed to be a tenancy by the entireties (or "TBE") under Pennsylvania law. *See, e.g.*, *Constitution Bank v. Olson*, 620 A.2d 1146, 1150 (Pa. Super. 1993); *Clingerman v. Sadowski*, 519 A.2d 378, 381 (Pa. 1986); *Shapiro v. Shapiro*, 224 A.2d 164, 172 (Pa. 1966). Moreover, when a property is held as a TBE, the creditor of only one spouse cannot make a claim against that property. *See Klebach v. Mellon Bank, N.A.*, 565 A.2d 448, 450 (Pa. Super. 1989); *Stauffer v. Stauffer*, 351 A.2d 236 (Pa. 1976). However, the presumption of a TBE may be rebutted by "clear and convincing evidence to the contrary." *See Constitution Bank v. Olson*, 423 Pa. Super. 134, 142, 620 A.2d 1146, 1150 (1993). Finally, "[w]hen a spouse conveys individual property to a tenancy by the entireties in fraud of creditors, the creditor may nevertheless execute against the property so conveyed." *In re Titus*, 916 F.3d 293, 300 (3d Cir. 2019) (applying PUFTA) (quoting *Garden State Standardbred Sales Co. v. Seese*, 417 Pa. Super. 15, 21, 611 A.2d 1239, 1243 (1992)).

Here, defendant points out that the settlement payment and tax returns at issue in the PAC were provided via a check made payable to both David and Karen Fenkell. Further, again according to defendant, plaintiff has not rebutted the presumption that these checks were TBEs in the first instance and unavailable to David's individual creditors. However, this question is likely to turn on the evidence presented at trial, given that plaintiffs have alleged sufficient facts to rebut the presumption that the tax refunds, settlement, and deposits be treated as a TBE. Specifically, plaintiffs point to defendant's motivation to conceal individual assets and the fact that Karen Fenkell was not a party to the underlying lawsuit, did not work outside the home, and other considerations. On its face at least, this argument may have legs with respect to the

settlement check, although the tax refunds and bank deposits seem more problematic. *See In re Hinton*, 378 B.R. 371, 376 (Bankr. M.D. Fla. 2007) (concluding that tax refunds were exempt from one spouse's bankruptcy proceedings as TBE); *but see In re Kant,* 2006 WL 4919043 (Bankr. M.D .Fla. Apr. 12, 2006) (joint tax refund was not tenancy by the entirety property because the unity of interest was lacking given that the debtor was the sole earner). Of course, whether this is sufficient to overcome the presumption that the payments were TBE in the first instance and, therefore, never transferred from David to Karen is an issue that plaintiffs must prove at trial, both legally or factually.

### C. Joinder of Karen Fenkell

Relatedly, defendant renews his argument that plaintiffs' PAC is futile because it fails to name Karen Fenkell as a party as required by Federal Rule of Civil Procedure 19. Defendant first raised this argument at the very beginning of this case on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(7), which permits a party to seek dismissal for failure to join a party under Rule 19. (*See* Def.'s Br. (dkt. #9).) After this court issued an opinion and order denying defendant's motion on the grounds that Karen Fenkell was not a necessary party (4/27/20 Op. & Order (dkt. #34)), defendant then moved to clarify this court's order, in response to which this court again confirmed its position that Karen was not a required party under Rule 19. (9/22/20 Op. & Order (dkt. #50) 2-3.) [2]

---

[2] Plaintiffs also indicated that they had not named Karen because of a settlement agreement entered into between plaintiffs and the Fenkells, which provides: "Upon the Effective Date of this Settlement, Plaintiffs . . . shall be deemed to have . . . fully, finally, and forever released, relinquished, and discharged Karen G. Fenkell from each and every Claim or Unknown Claim that were brought or could have been brought against Karen Fenkell in this Litigation related to the 2007 Transaction." (Pls.' Opp'n (dkt. #12) 6.) They further argued that Karen was not a required party under Rule 19. explaining that, if the court were to disagree, they would "simply join Mrs. Fenkell in this action." (*Id.* at 2.) Plaintiffs also suggested that the Settlement Agreement may have been fraudulently entered into and, thus, the release considered invalid. (*Id.* at 15.)

Now, defendant argues that the court should deny plaintiffs' motion to amend on the grounds that the PAC is futile for failure to name Karen Fenkell. (Def.'s Opp'n (dkt. #89) 24-27.) Anticipating that plaintiffs would argue that this issue has already decided, defendant contends that "(a) the legal theories in the Proposed Amended Complaint are different from those in the Complaint and (b) the Pennsylvania appellate courts have provided a recent opinion on this very issue as it relates to PUFTA." (*Id.* at 25.) As discussed in greater depth below, however, the court finds that the Pennsylvania cases cited by defendant do not control, as the issue in dispute here is a matter of federal procedural law and not state law. Further, the court disagrees that changes proposed in the PAC materially affect the court's previous Rule 19 analysis, and as such the court's earlier order as to this issue governs as law of the case.

Federal Rule of Civil Procedure 19 outlines when a person is required to be joined as a party to a federal lawsuit. Specifically, it provides in relevant part:

> (a) Persons Required to Be Joined if Feasible.
>
> (1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19. As the court noted in its previous opinion, the interests at play in this case are (1) whether complete relief could be accorded without Karen Fenkell as a party and (2) whether

7

Karen has an interest in the action and, as a practical matter, a disposition in her absence would impair or impede her ability to protect that interest. (*See* 4/27/20 Op. & Order (dkt. #34).)

Rule 19 implicates both procedural and substantive rights. *See Provident Tradesmens Bank & Tr. Co. v. Patterson*, 390 U.S. 102, 119 (1968). At this point, it is also black letter law under the *Erie* doctrine that a federal court sitting in diversity must apply state law to issues of substantive law and federal law to procedural questions. *See generally Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938). Specifically, in the context of a Rule 19 analysis, state substantive law governs the nature of an individual's underlying interest in a particular controversy. *See* Wright & Miller, 7 Fed. Prac. & Proc. Civ. § 1603 (3d ed.) ("[I]n diversity suits, state law clearly determines the nature of an individual's interest in a particular controversy or in the subject matter of a dispute."); *CBS, Inc. v. Film Corp. of Am.*, 545 F. Supp. 1382, 1389 (E.D. Pa. 1982) ("In diversity actions, federal courts look to the status of the parties under state law in order to determine which parties must be joined if the action is to proceed."). Still, "[t]he issue of whether an absentee is necessary or indispensable -- in light of those substantive interests and rights -- is a matter of procedure" and "is governed by Rule 19, even if the face of contrary state law." 4 Moore's Federal Practice - Civil § 19.09 (2020).

Thus, the Pennsylvania state law cases cited by defendant do not control on the ultimate issue of whether joinder is required under federal procedural law. While those cases may provide support for the fact that Karen has an underlying substantive interest in the controversy, neither plaintiffs nor the court has ever questioned that. Rather, the issue in dispute is whether, in light of the substantive interests at play, joinder is required. Again, this question is one of procedure, and as such, federal law controls.

As to the defendant's claim of futility in particular, therefore, the court's previous discussion continues to control. While defendant would dispute this -- arguing that plaintiffs'

original complaint dealt with the "deposit of Defendant's income into a joint bank account" whereas plaintiffs' PAC now seeks to retitle assets that were "titled jointly by the payor before the alleged deposit in a joint bank account" (Def.'s Opp'n (dkt. #89) 26) -- these differences are not material to the Rule 19 analysis. Even acknowledging that the nature of the transactions at issue in the PAC raise unique legal questions not present in the original complaint, plaintiffs are still fundamentally alleging *in both the complaint and the PAC* that David fraudulently transferred individual property into a joint account (or more broadly, some other form of TBE) with Karen. Her interests and her ability to protect those interests have not changed between the original complaint and plaintiff's PAC. Thus, the court's previous decision stands as law of the case and continues to govern this issue. *See Arizona v. California*, 460 U.S. 605, 618 (1983).

The court will again address a particular issue raised by defendant's counsel at oral argument -- namely, how court intends to grant possible relief against Karen if not a party. Certainly, "courts are *generally* unable to issue injunctive relief against a non-party to an action." *Vital Pharm., Inc. v. USA Sports, LLC*, No. 3:11-CV-975, 2012 WL 760561, at *9 (M.D. Pa. Mar. 8, 2012) (emphasis added). However, as this court has now previously explained twice, "[u]nder Federal Rule of Civil Procedure 65(d)(2)(C) . . . the court's entry of an injunction *can* bind 'other persons who are in active concert or participation with' the parties." (4/27/20 Op. & Order (dkt. #34) 4*; see also* 9/22/20 Op. & Order (dkt. #50) 3.)

ORDER

IT IS HEREBY ORDERED that:

(1) Plaintiff's motion to amend (dkt. #84) is GRANTED; and

(2) Defendant may have until 5:00 p.m. on Sunday, November 1, 2020, to file an answer to the amended complaint.

Entered this 30th day of October, 2020.

                              BY THE COURT:

                              /s/
                              _____
                              WILLIAM M. CONLEY
                              District Judge